UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STANLEY ELLIS RAWLS, #K4053                                           PETITIONER

VS.                                            CIVIL ACTION NO. 3:20-CV-14-TSL-FKB

WARDEN LAMAR SHAW                                                    RESPONDENT

REPORT AND RECOMMENDATION

Before the Court is the petition for habeas corpus relief filed by Stanley Ellis Rawls. *See* 28 U.S.C. § 2254. Respondent has filed a Motion to Dismiss [14] and Supplement [15] pursuant to 28 U.S.C. § 2244(d), to which Rawls has not responded. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

I. FACTS AND PROCEDURAL HISTORY

On June 25, 2018, Rawls entered a plea of guilty in the Circuit Court of Madison County, Mississippi, to a charge of possession of cocaine on correctional facility grounds, in violation of Mississippi Code Annotated § 47-5-198(1)(1972). [14-2] at 1. The Circuit Court entered an order on July 26, 2018, sentencing Rawls to a term of seven years in the custody of the Mississippi Department of Corrections, to run consecutively to any of his other sentences. *Id.* at 1-2.[1] Pursuant to the statute, Rawls is "not eligible for probation, parole, suspension of sentence, earned time allowance or any other reduction of sentence." Miss. Code Ann. § 47-5-

---

[1] According to the web site of the Mississippi Department of Corrections, Rawls is also serving a ten-year sentence on a charge of possession of a firearm by a convicted felon. *See* https://www.ms.gov/mdoc/inmate/Search/GetDetails/k4053 (last visited Apr. 16, 2020).

198(3)(1972).

Under Mississippi law, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101 (2008). Therefore, Rawls's conviction became final on July 26, 2018, the date the state circuit court filed its sentencing order. *See Roberts v. Cockrell*, 319 F.3d 590 (5th Cir. 2003). Additionally, based on the filings before the Court, it does not appear that Rawls has pursued any type of post-conviction relief in state court.

Rawls signed his original complaint alleging claims for habeas corpus relief and unconstitutional conditions of confinement on November 14, 2019. *See* Compl. [1], *Rawls v. Walls,* Civil Action No. 3:19-cv-839-CWR-LRA (S.D. Miss. Nov. 19, 2019).[2] After initial review, the Court severed his habeas corpus claims and filed them as this separate action on January 9, 2020. *Id.* at Order [8]. The State responded with its Motion to Dismiss [14] and Supplement [15], arguing that the Petition is untimely, or, alternatively, that he has failed to exhaust his claims in state court. For reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

## II. DISCUSSION

The State asserts that Rawls's petition is untimely under 28 U.S.C. § 2244(d). Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

---

[2] "For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes." *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished). "It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it." *Id.*

> The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court.  *See Cantu-Tzin v. Johnson,* 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)(internal quotations and citations omitted); *see also Scott v.*

*Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

According to the State, Rawls had until Monday, July 26, 2019, to file his petition, and, instead, he filed it in this Court on November 14, 2019, almost five months beyond the deadline for federal habeas petitions as established by the AEDPA. A review of the relevant dates shows that the State is correct.

Rawls entered his guilty plea on June 25, 2018, and his conviction became final on July 26, 2018, when the trial court entered its sentencing order. *See Roberts*, 319 F.3d at 690. Therefore, under § 2244(d)(1), and without the benefit of tolling pursuant to § 2244(d)(2), Rawls's petition for a writ of habeas corpus was due in this Court by July 26, 2019. Rawls signed his original § 1983 complaint, which included claims for habeas corpus relief, on November 14, 2019. Thus, his petition was filed nearly four months after the expiration of the statute of limitations, as established by AEDPA.

Rawls's petition, furthermore, does not set forth any circumstances which are so "rare and exceptional" as to warrant equitable tolling of the AEDPA statute. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)(AEDPA may be equitably tolled, albeit only in "rare and exceptional circumstances"); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(for equitable tolling to apply, Petitioner must prove that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way). Therefore, the undersigned concludes that Petitioner has shown no reason he should be excused from meeting the AEDPA deadline, and the petition should be dismissed as untimely filed.

Alternatively, the undersigned recommends dismissal of the petition based on Petitioner's

failure to exhaust his claims in state court. Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Edwards v. Carpenter*, 529 U.S. 446 (2000); *Coleman v. Thompson*, 501 U.S. 722, 729-55 (1991); *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Edwards*, 529 U.S. at 446; *see also Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Whitehead*, 157 F.3d at 387.

Based on the record before the Court, the claims raised by Rawls in this petition have never been properly presented to Mississippi's highest court. According to the State, Rawls has failed to file a post-conviction motion to challenge his conviction and sentence in state court.

The Court acknowledges that it has the authority to hold a habeas petition in abeyance while a petitioner exhausts his state court remedies. *See Rhines v. Weber*, 544 U.S. 269 (2005). Under *Rhines,* a federal court presented with unexhausted claims has the discretion in limited circumstances to hold a habeas petition in abeyance while a petitioner exhausts his claims in state court if the petitioner can show good cause for his failure to exhaust. *Id.* However, the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." *Id.* at 277. The undersigned finds that such "limited circumstances" do not exist in the instant case because Rawls fails to show "good cause" for his failure to exhaust his claims in state court. *See Reyer v. King*, 2008 WL 625096 (S. D. Miss. Mar. 5, 2008) (considering *Rhines* and dismissing claims for petitioner's failure to show "good cause").

Accordingly, Rawls has failed to exhaust his state court remedies. Therefore, the petition should also be dismissed on this basis.

## III.  CONCLUSION

For the reasons set forth in this Report and Recommendation, the Motion to Dismiss [14] should be granted, and this case should be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 4th day of May, 2020.

    /s/  F. Keith Ball
UNITED STATES MAGISTRATE JUDGE